# Third District Court of Appeal
## State of Florida

Opinion filed May 1, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D22-1749
Lower Tribunal No. 20-24948
_____


**Pedro Fundora, etc.,**
Appellant,

vs.

**Roberto Dangond, et al.,**
Appellees.


An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko, Judge.

Warrior Law, P.A., and Liah C. Catanese, for appellant.

Boyd Richards Parker & Colonnelli, P.L., and Elaine D. Walter, and Yvette R. Lavelle, for appellees.


Before EMAS, SCALES, and LINDSEY, JJ.

PER CURIAM.

Pedro Fundora filed suit against Robert Dangond and Maria Guevara after sustaining injuries when Dangond struck Fundora with a vehicle owned by Guevara. On appeal, Fundora argues that the trial court erred by granting Robert Dangond and Maria Guevara's Motion to Enforce Settlement Agreement.

During litigation, Fundora sent Dangond and Guevara's insurer, Progressive Insurance Company, a demand letter pursuant to section 627.4137(1), Florida Statutes (2011), which provides that an "insurer which does or may provide liability insurance coverage to pay all or a portion of a claim which might be made **shall provide** . . . a statement . . . setting forth [the information specified in this statute] with regard to **each known policy of insurance** . . . ." (Emphasis supplied). In response, Progressive sent Fundora a letter disclosing only one policy, held by Dangond. Included in the disclosure was a statement "certify[ing] . . . that the contents of this disclosure made pursuant to Florida Statute 627.4137 are true and correct." Progressive did not disclose any other policies.

When Fundora later offered to settle with Dangond and Guevara, Fundora sent Progressive a demand letter, again requesting disclosure of information on additional known policies, and making the settlement offer contingent on verification that Progressive knew of no other policies:

2

Please be advised that this settlement proposal is contingent upon the following:

1. Written confirmation that there is no umbrella coverage, excess coverage or any other liability insurance coverage available with regard to this accident and that the negligent insured was not in the course and scope of any employment, agency or joint venture at the time of this accident . . . .

Two weeks later, Progressive sent Fundora's counsel a letter accepting the settlement offer. Progressive responded to the disclosure demand by attaching affidavits from Dangond and Guevara stating that there was no additional coverage.

On the same day that Progressive sent the letter accepting Fundora's settlement offer, it sent a separate letter to Fundora disclosing an additional insurance policy held by Dangond and Guevara's codefendant, Dangond Construction, that may provide coverage for the accident. Because Progressive disclosed this policy after accepting the settlement offer, Fundora did not have the benefit of reviewing the additional policy prior to offering to settle. See Underwriters at Lloyd's London v. Osting-Schwinn, No. 805-CV-1460T-17TGW, 2008 WL 746829, at *3 (M.D. Fla. Mar. 18, 2008) ("The legislature could not have included the word 'known' to impose only an obligation to disclose that insurer's own coverage information.").

Fundora's request to Progressive for information on any known policies pursuant to section 627.4137(1) was an essential term of Fundora's offer to

3

settle with which Progressive failed to comply. See Cheverie v. Geisser, 783 So. 2d 1115, 1119 (Fla. 4th DCA 2001) (holding that the settlement offer was unenforceable because, despite "repeated demands" pursuant to section 627.4137 and clearly establishing that compliance "was a necessary and essential element of any settlement acceptance[,]" the defendant "did not provide [the information] until two months after suit was filed"); Schlosser v. Perez, 832 So. 2d 179, 183 (Fla. 2d DCA 2002) (holding that the insurer's "fail[ure] to provide the disclosure" in accordance with section 627.4137 rendered the settlement unenforceable because the plaintiff "made it clear that the insurance disclosure was an essential term" and because "the insurance disclosure is an essential term under Cheverie")

Because we agree with Fundora that the settlement is unenforceable, we reverse.

Reversed.